(No. 4819-

HAROLD F. PACHA, Claimant, vs. STATE OF ILLINOIS, Respondent.

*Opinion filed July 24, 1958.*

HAROLD F. PACHA, Claimant, pro se.

LATHAM CASTLE, Attorney General; C. ARTHUR NEBEL, Assistant Attorney General, for Respondent.

FEARER, J.

On May 8, 1958, claimant, Harold F. Pacha, filed a complaint in this Court seeking payment for loss of certain personal property on March 10, 1956.

The complaint states that on the latter date claimant was a civilian employee of the Military and Naval Department of the State of Illinois, and was classified as an Administrative Assistant to the United States Property and Fiscal Officer for Illinois.

On March 7, 1956, claimant was ordered to proceed to Camp McCoy, Wisconsin on temporary duty in connection with a National Guard Conference for Field

Training, and upon completion thereof to return to his proper station. Claimant, together with two other officers, were transported to their destination in a plane assigned to the 126th Fighter Interceptor Group of the 170th Fighter Interceptor Squadron of the Illinois National Guard, which was piloted by Major Robert H. MacDonald. On the return flight, trouble developed in the engine, and the plane crashed and burned approximately nine miles south of Sparta, Wisconsin.

As a result of said accident, a number of personal articles belonging to claimant were destroyed. A bill of particulars, incorporated in the complaint, sets forth the items lost, and makes a valuation thereon in a total amount of $343.00.

A motion to dismiss the complaint was filed by respondent for the following reasons: (1) It is substantially insufficient in law to state a cause of action; (2) No breach of duty, statutory or otherwise, is shown to be owed claimant; and, (3) The complaint was not filed within the two year period after the cause of action accrued, and, therefore, is barred by the statute of limitations. Copies of the motion and points and authorities in support thereof were served on claimant, and no reply brief was filed by claimant in this cause.

In prior decisions, this Court has held that the State of Illinois is not an insurer of the property of its employees. In the event an employee elects to use personal property in his employment, he assumes the risk of its loss. (*Klimek* vs. *State of Illinois,* 21 C.C.R. 145.)

The complaint does not set forth or charge respondent, by and through its agents and servants, with negligent acts, which would create a liability on the part of respondent. The complaint is a mere recitation of certain

facts concerning a plane crash, and description of the personal property in question. It does not set forth an omission or commission of an unlawful act by any of the agents of the State of Illinois in the operation of the plane.

Since the complaint was not filed within two years from the time of the alleged accident, it is barred by Section 22 of the Court of Claims Act, (Chap. 37, Par. 439.22, 1957 Ill. Rev. Stats.).

For the reasons above stated, the motion of respondent to dismiss is hereby allowed, and the claim accordingly dismissed.